UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


FITCH MARINE TRANSPORT, LLC, ET AL.  CIVIL ACTION

VERSUS  NO: 09-4450

AMERICAN COMMERCIAL LINES, LLC, ET AL.  SECTION: "S" (2)


## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Reconsideration filed by defendant, American Commercial Lines (Doc. #66), is **DENIED**.

## BACKGROUND

This matter comes before the court on a motion for reconsideration filed by defendant, American Commercial Lines ("ACL"). ACL seeks reconsideration of the court's order granting the motion for partial summary judgment filed by plaintiffs, Fitch Marine Transport, LLC ("Fitch Marine") and Mohawk Freedom Marine, LLC ("Mohawk Freedom").[1] ACL argues that the court erred in finding that it did not properly cancel the charter agreements with Fitch Marine and Mohawk Freedom, because the Larry Fitch, the owner of the three plaintiff companies, operated his

---

[1] Kacomege L Transportation, LLC ("Kacomege") did not join in the motion for partial summary judgment.

companies as a single business enterprise, and the actions and omissions of one company should be imputed to the other companies.

Plaintiffs are related companies[2] that brought this suit alleging that ACL wrongfully terminated various charter agreements. Plaintiffs entered into four sets of charter agreements with ACL. ACL owns the vessels involved in the charter agreements.[3] The charter agreements are as follows:

    1.    ACL bareboat chartered[4] the M/V JAMES E. PHILPOTT to Mohawk Freedom. Fitch Transportation, Inc. ("Fitch Transportation"), another related company, crewed the vessel. Then, Mohawk Freedom chartered the vessel back to ACL on a fully found basis.[5]

    2.    ACL bareboat chartered the M/V CHERYL DOBARD to Fitch Marine. Fitch Transportation crewed the vessel. Then Fitch Marine chartered the vessel back to ACL on a fully found basis.

    3.    ACL bareboat chartered the M/V EDDIE TOUCHETTE to Fitch Marine. Fitch Transportation crewed the vessel. Then Fitch Marine chartered the vessel back to ACL on a fully found basis.

---

[2] Larry Fitch was the 100% owner and operator of Fitch Marine and Mohawk Freedom. Also, Larry Fitch owned 50% of Kacomege and was its sole operator.

[3] The vessels, the M/V JAMES E. PHILPOTT, M/V CHERYL DOBARD, M/V EDDIE TOUCHETTE, M/V TANY McKINNEY, are named as *in rem* defendants.

[4] A "bareboat" or "demise" charter agreement is characterized by a "complete transfer of possession, command, and navigation of the vessel from owner to the charter." Gaspard v. Diamond M. Drilling Co., 593 F.2d 605, 606 (5th Cir. 1979). The vessel is chartered without equipment or a crew. See Winn v. C.I.R, 595 F.2d 1060, 1062 (5th Cir. 1979).

[5] In a "fully found" charter, the owner or bareboat charterer delivers the vessel fully crewed, supplied and equipped, and ready to perform a particular job for the fully found charterer. See Winn, 595 F.2d at 1062.

4. ACL bareboat chartered the M/V TANY McKINNEY to Kacomege. Fitch Transportation[6] crewed the vessel. Then Kacomege chartered the vessel back to ACL on a fully found basis.

The fully found charter agreements provide that ACL, as the charter, may immediately terminate the charter agreement if Fitch Marine, Mohawk Freedom, or Kacomege fails to comply with certain minimum performance standards. To terminate the fully found charter agreements under this provision, ACL must provide written notice of such failure and termination to Fitch Marine, Mohwak Freedom, or Kacomege, depending on which company was a party to the particular charter agreement that is being terminated.

On October 13, 2008, the M/V TANYA McKINNEY ran aground, and Kacomege did not properly report the incident. As a result, ACL conducted a performance review of each of the four chartered vessels. The performance review revealed various violations of the minimum performance standards in relation to the M/V JAMES E. PHILPOTT, the M/V CHERYL DOBARD, and the M/V EDDIE TOUCHETTE.

On October 17, 2008, after the performance review, ACL notified Larry Fitch of the immediate termination of all of the bareboat and fully found charter agreements. The termination letter stated in pertinent part:

> Please accept this letter as confirmation of our conversation of the immediate termination of the Fully Found and associated Bareboat Charters of the M/V Tanya McKinney, O.N. 626240; M/V Eddie

---

[6] At Larry Fitch's request, ACL made its charter payments for all four vessels in a lump sum to Fitch Transportation, instead of individually payments to Fitch Marine, Mohawk Freedom, and Kacomege. Also, Fitch Transportation, handled the payroll, maintenance, and personnel records for the crews of all four vessels, and obtained insurance for all four vessels.

3

> Touchette, O.N. 549972; M/V James E. Philpott, O.N. 568630; M/V Cheryl Dobard, O.N. 555976 ("Charters") . . . This termination is for failure to comply with applicable operational laws and regulations, specifically the failure to report a grounding, as a marine casualty incident on or about October 13, 2008. This termination is effective immediately and Charter Hire will Cease today, October 17, 2008.

Larry Fitch signed and returned the letter to ACL. On July 20, 2009, Fitch Marine, Mohawk Freedom, and Kacomege filed this suit alleging that ACL improperly terminated the fully found charter agreements.

On June 14, 2010, the court granted Fitch Marine and Mohawk Freedom's motion for partial summary judgment finding that ACL improperly terminated the charter agreements with those companies. Specifically, the court found that ACL did not provide written notice of Fitch Marine's and Mohawk Freedom's failure to meet the minimum performance standards as required by that termination provision.

**ANALYSIS**

**1.   Legal Standard**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit has held nonetheless that if such a motion is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter or amend under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998); see also Rule 59(e). Because plaintiffs filed the instant motion on July 15, 2010, the motion will be subject to the standards for Rule 59(e).

4

A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). The court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under Rule 59(e). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." In re Transtexas Gas Corp., 303 F.3d at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

**2. ACL's Motion to Reconsider**

ACL argues that the court erred in not finding that there were contested issues of fact regarding Larry Fitch's operation of his companies as a single business enterprise. Specifically, ACL argues that because Larry Fitch purportedly operated Fitch Marine, Mohawk Freedom, and Kacomege as a single business enterprise, the acts and omissions of Kacomege regarding the October 13, 2008, incident involving the M/V TANYA McKINNEY should be imputed to Fitch Marine and Mohawk Freedom, and is sufficient to terminate ACL's charters with those companies pursuant to the respective charter agreements.

Fitch Marine and Mohawk Freedom argue that the court correctly granted its motion for partial summary judgment because the vessels were chartered pursuant to separately negotiated, drafted, approved, and executed contracts. They also argue that the contracts do not permit ACL to terminate all of the charter agreements because due to a purported breach of one charter agreement.

In its motion, ACL re-hashes exactly the same arguments that it made in opposition to Fitch Marine's and Mohawk Freedom's motion for partial summary judgment. The court has already considered the effect of Larry Fitch's purportedly operating the companies as a single business enterprise on ACL's termination under the minimum performance standards provision of the charter agreements. The charter agreements are separate contracts, involving different vessels, that ACL made with different companies. There is no provision in those charter agreements that permits incidents involving one of the vessels to serve as a basis for terminating the charter agreements regarding the other vessels. Rule 59(e) is not for re-litigating matters that have been resolved to the movant's dissatisfaction. Therefore, ACL's motion is denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Reconsideration filed by defendant, American Commercial Lines (Doc. #66), is **DENIED**.

New Orleans, Louisiana, this __27th__ day of July, 2010.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**