UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FITCH MARINE TRANSPORT, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-4450** |
| **AMERICAN COMMERCIAL LINES, LLC, ET AL.** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike Supplemental Witness and Exhibits (Doc. #84) is **GRANTED**, and American Commercial Lines, LLC ("ACL") is not permitted to introduce the exhibits listed in its Second Supplemental Witness and Exhibit List (Doc. #79).[1]

On September 13, 2010, ACL filed a Second Supplemental Witness and Exhibit List in which it lists the following exhibits: (1) four termination letters pertaining to charter agreements with other parties; (2) ACL's statistical data charts reflecting barge miles on the West Canal from April 2008 to October 2009; (3) United States Army Corps of Engineers Final Waterborne Commerce Statistics for Calendar Year 2008; and (4) Waterborne Commerce of the United States,

---

[1] ACL informed the court via facsimile on October 4, 2010, that it will not call Nick Lonnemann as a witness at trial. Therefore, plaintiffs' motion is moot as to the supplemental witness.

Part 2 - Waterways and Harbors, Gulf Coast, Mississippi River System and Antilles for 2008. ACL seeks to introduce these exhibits to support its argument that the charter agreements at issue in this litigation would have been terminated prior to their expiration dates due to an economic downturn. At the time of ACL's corporate deposition, ACL claimed that evidence regarding its charter agreements with other parties was irrelevant to this litigation, and it did not include these exhibits in the pretrial order.

Rule 16(d) of the Federal Rules of Civil Procedure provides that the pretrial order "controls the course of the action unless the court modifies it." "The trial judge is vested with broad discretion to preserve the integrity and purpose of a pretrial order." Sherman v. U.S., 462 F.2d 577, 579 (5th Cir. 1972). A pretrial order is not to be set aside except to avoid manifest injustice." Id. (citing FED. R. CIV. PRO. 16). Because ACL contended that evidence regarding the termination of its charter agreements with other parties was irrelevant to this litigation at its corporate deposition, there would be no manifest injustice in not setting aside the pretrial order. Therefore, plaintiffs' motion *in limine* regarding ACL's Second Supplemental Witness and Exhibit List is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion *in Limine* Regarding Alleged Incidents of Failure to Meet Minimum Performance Requirements (Doc. #106), is **DENIED**.

Plaintiffs seek to exclude from the trial of this matter any evidence of the alleged incidents of plaintiffs' failure to meet the Minimum Performance Requirements of the charter agreements. Plaintiffs are correct that the only issues remaining to be tried are: (1) the propriety of ACL's termination of the charters of the M/V TANYA McKINNEY; (2) the affirmative defenses asserted by ACL; (3) the amount of plaintiffs' damages; and (4) ACL's counterclaims and third-party claims.

However, the evidence plaintiffs seek to exclude is relevant to ACL's affirmative defenses. In denying both plaintiffs' and ACL's motions for summary judgment regarding ACL's affirmative defenses, the court found that there are genuine issues of material fact that preclude summary judgment, and specifically stated that these issues include "[t]he understanding of the parties at the time of the termination of the charter agreements, their actions thereafter, and the events leading up to the termination of the charter agreements." The preceding events, including the alleged incidents of plaintiffs' failure to meet the Minimum Performance Requirements of the charters, are relevant to ACL's affirmative defenses. Therefore, plaintiffs' Motion *in Limine* to exclude such evidence is DENIED.

New Orleans, Louisiana, this __4th__ day of October, 2010.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**